**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 12, 2022

LETTER TO COUNSEL

    RE: *Adrian H. v. Commissioner, Social Security Administration*
         Civil No. SAG-20-3268

Dear Counsel:

    On November 11, 2020, Plaintiff Adrian H. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment and Plaintiff's reply. ECF Nos. 12, 15, 18. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

    Plaintiff filed his claim for benefits on September 15, 2017, alleging a disability onset date of May 31, 2012. Tr. 247-56. His claim was denied initially and on reconsideration. Tr. 173-76, 182-85. On September 24, 2019, an Administrative Law Judge ("ALJ") held a hearing. Tr. 21-39. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 21-39. The Appeals Council denied Plaintiff's request for review, Tr. 8-13, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

    The ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease of the spine; right eye blindness; obesity; and bipolar and depressive disorders." Tr. 26. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, and only occasionally balance, stoop, kneel, crouch, and crawl. [Plaintiff] must avoid work requiring bilateral visual acuity, but is able to avoid ordinary work place hazards such as boxes on floors, doors ajar or approaching people or vehicles. [Plaintiff] can have occasionally exposure to humidity or wetness, dust, odors, fumes and pulmonary irritants, as well as extreme cold and extreme heat. [Plaintiff] can perform simple

*Adrian H. v. Commissioner, Social Security Administration*
Civil No. SAG-20-3268
January 12, 2022
Page 2

>    unskilled tasks with no fast pace or strict production requirements.  [Plaintiff] is limited to simple work related decisions.

Tr. 28-29.  After considering the testimony of a vocational expert ("VE"), the ALJ determined that while Plaintiff could not perform his past relevant work as tire servicer, driver helper, or children's attendant, he could perform other jobs existing in significant numbers in the national economy.  Tr. 33-34.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 34.

   Plaintiff argues that the ALJ set forth an inadequate hypothetical to the VE which infected the RFC and step five determinations.  ECF No. 12-1 at 9-14.  Plaintiff maintains that the ALJ failed to include a definition of the term "no fast pace or strict production requirements" when posing a hypothetical to the VE during Plaintiff's hearing, which conflicts with the Fourth Circuit's ruling in *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019).  In *Thomas*, the Fourth Circuit remanded because the ALJ used a phrase in the RFC similar to work not at a "production rate or demand pace" without providing further explanation or definition of that phrase.  *Thomas*, 916 F.3d at 312-13 ("production rate or demand pace"); *see also Perry v. Berryhill*, 765 F. App'x 869, 872 (4th Cir. 2019) ("non-production oriented work setting").  Plaintiff is correct that the ALJ presented the VE with a hypothetical including "no fast pace or strict production requirements," with no further definition of those terms.  Tr. 95.  The term "strict production requirements" is directly analogous to the term deemed problematic in *Thomas*, and, as this Court has previously noted, "Different individuals can have different conceptions of what work is or is not 'fast.'"  *Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122, 2018 U.S. Dist. LEXIS 95697, at *3 (D. Md. June 6, 2018); *see also Nora P. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-1604, 2019 U.S. Dist. LEXIS 68383, at *4-*5 (D. Md. Apr. 23, 2019).  Therefore, remand is warranted to allow the ALJ to clarify the RFC assessment and hypothetical to the VE, in order to establish that the VE's testimony constitutes substantial evidence supporting the ALJ's conclusion.

   For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 12, is DENIED and Defendant's Motion for Summary Judgment, ECF No. 15, is DENIED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.

   Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing order follows.

                             Sincerely yours,

                              /s/
                             Stephanie A. Gallagher
                             United States District Judge